IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br>v.<br><br>G. G.'S TUCKPOINTING INC., an Illinois corporation,<br><br>Defendant. | FILED: SEPTEMBER 4, 2008<br>08CV5038<br>JUDGE KOCORAS<br>MAGISTRATE JUDGE VALDEZ<br>AEE<br><br><br>Case No. |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo and Charles Ingrassia, for their Complaint against Defendant G.G.'s Truckpointing Inc., an Illinois corporation, represent as follows:

### COUNT I

**(Failure To Submit Reports and/or Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant G.G.'s Truckpointing Inc., (the "Defendant") is an Illinois corporation. The Defendant does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Defendant are parties to a collective bargaining agreements which became effective June 1, 2006. ("Agreement"). (A copy of the "short-form" Agreement entered into between the Union and the Defendant which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Defendant to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Builders' Association of Greater Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Defendant to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Defendant, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

3

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Defendant to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Defendant to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has:

(a) failed to submit reports and/or contributions to Plaintiff Laborers' Pension Fund for the period of June 2008 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or contributions to the Laborers' Training Fund for the period of June 2008 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)     failed to report and/or submit all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for the period of June 2008 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

12.     The Defendant also failed to timely submit benefit reports and/or contributions for the month of October 2007. As a result, the Defendant owes $1,136.02 in accumulated liquidated damages.

13.     The Defendant's actions in failing to timely submit reports and/or contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Defendant is liable to the Funds for unpaid benefit contributions, as well as interest, liquidated damages and accumulated liquidated damages on the unpaid contributions, audit costs, if any, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant G.G.'s Truckpointing Inc., as follows:

a.     ordering the Defendant to submit benefit reports and/or contributions for the time period of June 2008 forward, and to submit the its books and records to an audit upon demand;

b.     entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the June 2008 forward reports and audit, if any, including interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs;

      c.      ordering the Defendant to pay $1,136.02 in associated liquidated damages as a result of untimely submitted benefit reports and/or contributions for the month of October 2007; and

      d.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

16.    Plaintiffs reallege paragraphs 1 through 11 of Count I.

17.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

18.    Notwithstanding the obligations imposed by the Agreement, the Defendant failed to pay submit union dues reports and/or pay union dues for the period of June 2008 forward. In addition, the Defendant failed to timely submit union dues reports and/or pay union dues for the month of May 2008. As a result, the Defendant owes $29.22 in liquidated damages.

19.    Pursuant to the Agreement, the Defendant is liable to the Funds for the unpaid union dues, as well as liquidated damages, audit costs, if any, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant G.G.'s Truckpointing Inc., requiring the Defendant to submit union dues reports and/or union dues for the period of June 2008 forward; to pay $29.22 in liquidated damages as a result of untimely submitted union dues reports and/or union dues for the month of May 2008; together with all liquidated damages, audit costs, if any, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

September 4, 2008

Laborers' Pension Fund, et al.

By: /s/ Charles Ingrassia
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540